# TERENZI & CONFUSIONE, P.C.

ATTORNEYS AT LAW
401 FRANKLIN AVENUE
SUITE 304
GARDEN CITY, NEW YORK 11530
(516) 812-0800
FAX: (516) 812-0806

Ronald M. Terenzi∆
Lisa M. Confusione
───────────
Jacqueline M. Della Chiesa
Cara M. Goldstein
Alexander S. Terenzi

∆Also Admitted CT

January 12, 2023

Chambers of the Hon. Nancy Hershey Lord
United States Bankruptcy Court
Eastern District of New York
271-C Cadman Plaza East
Brooklyn, New York 11201-1800

    Re: Herbert Ethan Koenig
      <u>Case No: 8-22-41980-nhl, Chapter 13</u>

Dear Judge Lord:

  This office represents Retained Realty, Inc., as successor in interest to Emigrant Mortgage Company, Inc. ("Emigrant") in the above referenced bankruptcy case. The servicing of the loan is performed by Emigrant. A Loss Mitigation status conference is currently scheduled for January 19, 2023 at 2:30 p.m. Please let this letter serve as a Status Report on the Loss Mitigation.

  A Loss Mitigation Order was entered on December 20, 2022. On December 8, 2022, a Loss Mitigation Package was sent to Debtor's attorney. On December 29, 2022, the Debtor submitted a complete copy of the documents requested by Emigrant to review Debtor for a loan modification.

  Emigrant reviewed the Debtor for Loss Mitigation and by letter dated January 5, 2023, advised the Debtor that his request was denied since Debtor's income is insufficient to support a modified payment. Emigrant's loan modification programs require that the modified payment not exceed 45% of the Debtor's monthly gross income. The Debtor's gross income is $7,505.42. If the Debtor did qualify for a modification under Emigrant's most favorable plan, including a reduction to a 6% interest rate, a waiver of accrued default interest, and a balloon payment of arrears (not to exceed $50,000) the payment would be $6,586 which is approximately 88% of the Debtor's monthly income. A copy of the letter is annexed hereto as Exhibit "A".

January 12, 2023
Page 2

      Therefore, since Emigrant is not offering the Debtor a modification, Emigrant respectfully requests that Loss Mitigation be terminated at the January 19, 2023 status conference.

                                    Very truly yours,

                                    \s\ Cara M. Goldstein
                                    Cara M. Goldstein


cc:     David Doyaga, via Email and ECF Filing

# Exhibit A

 

January 5, 2023

6 East 43rd Street, 10th Floor
New York, NY  10017
Toll Free:  866-987-4567
Fax:  212-850-3196
E-mail: LossMitigation@emigrant.com

Herbert E. Koenig
Susan R. Koenig
c/o David J. Doyaga, Sr.
26 Court Street, Suite 1601
Brooklyn, NY 11242

Re:     Loan No:                       █████████
        Borrower(s):            KOENIG, Herbert E. and Susan R.
        Property Address:       1733 East 32nd Street, Brooklyn, NY 11234

Dear Borrower:

Emigrant has reviewed the *loss mitigation* application received in connection with your loan.  Available loss mitigation options are listed on the attached *Loss Mitigation Options* list.  Below are the decisions rendered with respect to these options.

**Repayment Agreement** – You have been denied for this option because your income is insufficient to support the best payment available to you.  This option requires you to make your regular monthly mortgage payment of $2,230.07 PLUS equal parts of your past-due amount, which over time would bring your loan current.  The arrears on the loan as of January 1, 2023 was in excess of $551,261.30. The documents submitted in connection with your application suggests a monthly net income of $7,175.65 and monthly expenses of $6,116.00. That would leave $1,059.65 available for the mortgage payment which is insufficient to satisfy the arrears over the maximum term of thirty-six (36) months.  The required payment on a thirty-six (36) month plan would be in excess of $17,542.88 per month, beginning on February 1, 2023.

**Loan Modification** – You have been denied for this option because your income is insufficient to support the best modified payment available to you under the program.  Emigrant's loan modification programs require that the modified payment amount (*including the monthly obligation for taxes and insurance*) NOT exceed 45% of your monthly gross income.  If your income situation changed and Emigrant was asked to reconsider this denial, documentation verifying all income will be required as listed on the attached *Required Documentation* page.  In addition, the loan would be re-evaluated to determine whether your loan could pass Emigrant's NPV test.

In your case, Emigrant concluded that you could not afford a modified loan payment.  This means that the most favorable loan modification terms allowed under Emigrant's loan modification programs, assuming you qualified for same, would yield a regular monthly payment that would exceed 45% of your monthly gross income.  More specifically, the materials submitted by you in connection with this request suggests a monthly gross income of $7,505.42. The most favorable terms available to you, assuming you were eligible for same, would have been as follows:

- your interest rate would be reduced to 6.00% (*the lowest interest rate permitted under Emigrant's loss mitigation policy*) for a period of five (5) years, and would adjust thereafter in accordance with the terms of the Loan Documents;

- all default interest accrued, if any, would be waived if a modification was approved;

- arrears in an amount not to exceed $50,000 would become a balloon payment, due upon maturity, payoff or acceleration of the loan; and

- all remaining arrears would be capitalized (*meaning they would be added to the existing principal balance of your loan*).

A modified loan payment under Emigrant's loan modification programs, if a modification was approved today based upon the above referenced most favorable potential terms available, would require a monthly payment of approximately $6,586 (*inclusive of escrow for taxes and insurance*) beginning on February 1, 2023, which encompasses nearly 88% of your monthly gross income.  Because you were denied a loan modification for this reason, you were not evaluated on other criteria.

[Short Sale](#) – You have been denied for this option because this option is only considered prior to the entry of a foreclosure judgment.  Because you were denied for this reason, you were not evaluated on other criteria.

[Deed in Lieu of Foreclosure](#) – This option requires that the property be delivered vacant and in broom clean condition within a short period of time.  Also, clear and marketable title must be transferred to Emigrant free of any liens and encumbrances.  Please contact Emigrant's counsel by no later than **January 19, 2023** should you wish to be considered for this option.

[Forbearance to Sell](#) – You have been denied for this option because the property is not listed for sale with a licensed real estate broker at market value, in the appropriate geographic location.  Because you were denied for this reason, you were not evaluated on other criteria.

**RIGHT TO SEEK RECONSIDERATION OF THIS DECISION**

You have the right to ask Emigrant to reconsider its decision to deny your loss mitigation request.  Such requests are reviewed by Zhanna Kandel, Senior Vice President. If you disagree with this decision and wish to seek reconsideration, you **MUST** notify Emigrant of your request for reconsideration **IN WRITING** within 14 days after this notice.

Requests for reconsideration WILL NOT be taken by telephone.  You may submit your request for reconsideration via e-mail to Ms. Kandel at [LossMitigation@emigrant.com](mailto:LossMitigation@emigrant.com) or in the form of a letter mailed to Ms. Kandel at 6 E. 43rd Street, 10th Floor, New York, NY 10017.  Your letter or e-mail should set forth the reasons why you believe that the action taken by Emigrant was in error or mistaken.

**If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the New York State Department of Financial Services at 1-800-342-3736 or [www.dfs.ny.gov](http://www.dfs.ny.gov).**

You should consider contacting servicers of any other mortgage loans secured by the mortgaged premises to discuss all options made available by them as well.

If you wish to submit a Notice of Error or Request for Information, please forward same to Emigrant Mortgage Company, Inc., 7 Westchester Plaza, Suite 229, Elmsford, NY 10523 Attn: Loan Servicing Department.

You are encouraged to communicate with Emigrant's counsel, Terenzi & Confusione, P.C., 401 Franklin Avenue, Suite 304, Garden City, NY 11530 about all aspects of this matter.  Contact for Emigrant's counsel is Cara Goldstein, Esq. who can be reached by phone at (516) 812-0800 or by fax at (516) 812-4661.  However, if you believe that you must contact Emigrant directly, you may e-mail us at [LossMitigation@emigrant.com](mailto:LossMitigation@emigrant.com), which is the preferred method of communication, or by mail to Emigrant Mortgage Company, Inc., Attn:  Loss Mitigation Department, 6 East 43rd Street, 10th Floor, New York, NY 10017.  Alternatively, you may call us at (866)-987-4567.

Very truly yours,

*Emigrant's Loss Mitigation Department*

# LOSS MITIGATION OPTIONS

The following loss mitigation options are offered by Emigrant and may be available to you. In order for Emigrant to determine which options you may qualify for, you must provide all the relevant documentation and information listed in the attached *Required Documentation* list.

## HOME RETENTION OPTIONS

**Repayment Agreement** – Allows you to avoid foreclosure (or put it on hold) by giving you time to catch up on late payments without having to come up with a lump sum payment. This option requires you to make your regular monthly mortgage payment PLUS part of your past-due amount, which over time would bring your loan current.

**Loan Modification** – Allows you to roll past due amounts into your loan and reset the payments over the remaining term of the loan. Additional considerations may include a possible rate reduction (*with a floor rate of 6%*) and possible balloon payment for arrears, in an amount not to exceed $50,000. Emigrant shall determine whether a loan is eligible for modification and shall approve or deny loan modification requests in accordance with its approved modification program at its sole discretion.

Without a **qualifying** hardship, a loan is **not** eligible for modification if any of the following exist:

- Loans with an original principal balance of $500,000 or more;
- The mortgaged property is not your primary place of residence;
- The ratio of your regular monthly payment to your gross monthly income (DTI) is 31% or lower and Borrower is able to afford a traditional forbearance/repayment agreement as described above;
- There is a second mortgage on your property (unless the holder of said mortgage agrees to re-subordinate their lien to a modification);
- You previously entered into a modification agreement and subsequently defaulted within the first two (2) years; or
- You have other assets or sources of income that could be used to meet your monthly mortgage obligation to Emigrant.

A **qualifying** hardship is defined as some form of personal hardship or crisis **other than a loss of a job or income** that contributed to or caused the default on your mortgage. A qualifying personal hardship could include an illness, disability, death in the family or other comparable circumstance or event impacting your ability to meet your mortgage obligation that caused or contributed to the default. Consideration of a Loan Modification for otherwise non-eligible loans, where a qualifying hardship is verified, is at Emigrant's discretion and subject to confirmation that the Borrower is not otherwise able to cure the arrears under an alternate home-retention option.

## NON-HOME RETENTION OPTIONS

**Short Sale** – *This option is only available prior to the entry of a Foreclosure Judgment*. A short sale is the sale of your property to an unrelated third party for less than the balance remaining on your mortgage loan without going through foreclosure. This requires that you vacate the property after sale and that you receive no monetary or other benefit from the sale. Additionally, should Emigrant, in its own discretion, decide to offer you a full waiver of deficiency, you must be willing to transfer title ownership of the property to Emigrant and vacate the property by the contract closing date rather than proceed with the short sale transaction. A short sale may also be subject to other terms and conditions approved by Emigrant, including some form of monetary contribution from you. A short sale can only be considered upon receipt of a fully executed Contract of Sale, a Preliminary HUD-1 Settlement Statement, and a recent appraisal of the mortgaged property.

**Deed in Lieu of Foreclosure** – With this option, you voluntarily vacate the property and transfer ownership to Emigrant to satisfy your debt without going through foreclosure. To be eligible for a Deed in Lieu, you must satisfy certain terms and conditions, which include vacating the property within an agreed period of time, providing clear and marketable title free of any liens and encumbrances and may include a requirement that you make some form of monetary contribution.

**Forbearance to Sell** – *This option is only available when there is equity in the property.* A forbearance to sell allows you to avoid foreclosure (or put it on hold) by giving you time to market and sell your property. As part of this option, you would be required to demonstrate that the property is listed for sale at market value and you would likely be asked to make some form of payment to Emigrant (amount determined by the circumstances of each individual case).

## REQUIRED DOCUMENTATION

Your financial situation, as well as the equity in the mortgaged property, will be evaluated in order to determine which loss mitigation options are available to you.  In order to be considered, you must provide Emigrant with all relevant information and documentation noted below.  *No proposal will be considered until all Required Documentation is received*.

### Required Documents for All Loss Mitigation Options
- Fully completed and signed Borrower Assistance Form (*attached*)
- Fully completed and signed IRS Form 4506-T (*attached*)
- Hardship letter explaining the reason for the default, along with supporting documentation
- Copy of Borrower's pay stubs for the past four (4) consecutive weeks
- Complete copy of statements for all accounts maintained by Borrower for the past two (2) consecutive months clearly identifying deposits for all claimed income
- Copy of Borrower's federal income tax returns, with all schedules and W-2 forms, for the past two (2) consecutive years
- Copy of utility bill and telephone/cable/internet bills covering the past two (2) consecutive months
- Copy of state issued photo identification card

### Required If You Are Self-Employed
- Profit & Loss Statement for the past two (2) to three (3) months, at minimum
- Business bank statements for the past two (2) to three (3) months, at minimum, to verify the Profit & Loss Statement
- Business federal income tax returns with all schedules for the past two (2) consecutive years

### Required if there is Rental Income to be Considered
- Copy of Leases
- Bank statements must clearly identify deposits of rental income for the past two (2) consecutive months

### Required if Other Income is to be Considered
- Social Security and/or Retirement Benefit Statements
- Signed and notarized contribution letters setting forth the amount of the contribution being made
- Bank statements must clearly identify deposits of contributions for the past two (2) consecutive months

### If the mortgaged property is, or was, listed for sale:
- MLS Printout
- Broker Listing Agreement

### Required For All Options Except Repayment Agreement:
- A full, interior appraisal of the mortgaged premises, to be ordered by Emigrant.  The cost of the appraisal shall be your responsibility, and payment arrangements should be made directly with the appraiser upon contact.  An inspection appointment should immediately be scheduled to ensure that Emigrant can render a decision on the request within a reasonable period of time.  If the property contains multiple units you must confirm that ALL units will be available for inspection.  **You have a right under federal law to receive a copy of the appraisal report, which will be provided to you upon completion.**

### In addition to the above, the following documentation/information should be submitted:

### To be Evaluated for a Short Sale:
- Fully executed Contract of Sale, including all pages, addendums and riders
- Fully completed and signed/notarized Non-Home Retention Affidavit (*attached*)
- Preliminary HUD-1 Settlement Statement reflecting all expenses, subordinate liens and net proceeds to Emigrant
- Evidence of satisfaction of all contingencies in the Contract of Sale, including, but not limited to, the buyer's mortgage contingency

### To be Evaluated for a Deed In Lieu:
- Provide the approximate date you are willing and able to provide Emigrant broom clean and vacant possession of the mortgaged property
- If applicable, evidence of the release of all subordinate liens

---

*If you received a discharge in bankruptcy after Emigrant's loan was made and did not reaffirm the debt, the inclusion of any document regarding your income or assets in this list should not be construed as an attempt to collect such debt as your personal liability. If all borrowers on the loan have received a discharge in bankruptcy, this documentation is not required and will not be considered for non-home retention alternatives and only relevant information will be considered when determining your eligibility for a loan modification and forbearance option.*